IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ROSARIO OMAR VALENCIA-ARCE<br><br>　　　　　　　　　Defendant. | CASE NO.  1:08-CR-00167 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2) |

　　　　The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. §  1B1.10.  The Court will deny the defendant's motion.

　　　　Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the Court sentenced the defendant to 120 months in prison, the statutory mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). While the amended guideline range for the defendant's crime has been lowered but for the mandatory minimum sentence, pursuant to Section 5G1.1(c)(2), the amended sentencing range is 120 months, the same of the defendant's original sentence. Amendment 782 has not reduced the guideline range applicable in the defendant's case.  Because the defendant's sentencing range was not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather, was based on the statutory mandatory minimums under Title 21, United States Code, Section 841(b)(1)(A), the defendant is not eligible for a sentencing reduction. *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (defendant sentenced to statutory mandatory minimum not affected by change in drug tables); *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

IT IS HEREBY ORDERED that the defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2015              _____
                                        SENIOR  DISTRICT  JUDGE

2